JAMES B. CHANIN (SBN# 76043)
LAW OFFICES OF JAMES B. CHANIN
3050 Shattuck Avenue
Berkeley, California 94705
Telephone: (510) 848-4752, Ext. 2
Facsimile: (510) 848-5819
Email: jbcofc@aol.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 07 6390

| | |
|---|---|
| TONY HEAROD, | CASE NO.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** CW<br>(42 U.S.C. Section 1983; Supplemental Claims) |
| vs. | |
| | **JURY TRIAL DEMANDED** |
| BAY AREA RAPID TRANSIT DISTRICT;<br>T. PASHOIAN, individually and in his<br>capacity as a police officer for the BART<br>Police Department; DOES 1-20, inclusive, | |
| Defendants. | |

## JURISDICTION

1. This action arises under 42 U.S.C. Section 1983. Jurisdiction is based on 28 U.S.C. Sections 1331 and 1343.

## INTRADISTRICT ASSIGNMENT

2. The claims alleged herein arose in the City of Oakland, County of Alameda, State of California. Therefore, venue and assignment are in the United States District

Complaint for Damages          1

Court for the Northern District of California, San Francisco or Oakland Divisions. 28 U.S.C. Section 1391(b)(2).

## PARTIES

3. Plaintiff, TONY HEAROD, is an African American male and a citizen of the United States.

4. Defendant BAY AREA RAPID TRANSIT DISTRICT (hereinafter, BART) is, and at all times a California public entity organized and existing under the laws of the State of California.

5. Defendant T. PASHOIAN or DOE 1 (hereinafter, Defendant PASHOLAN) is, and at all times herein mentioned was, a police officer for the BART Police Department. He is sued in his individual and official capacities.

6. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and upon such information and belief alleges that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, battery, violation of constitutional rights, violation of public policy, battery, racial bias or racial animus, excessive force, false arrests, false imprisonments or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment,

custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

7. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for defendant BART.

8. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

9. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other Defendants herein.

## STATEMENT OF FACTS

10. On or about the morning of March 26, 2007, the Plaintiff, TONY HEAROD, was on a public sidewalk in the vicinity of 20th and Broadway in Oakland, California after having completed some personal banking business in the area. The Plaintiff had not committed any crime and there was no reasonable or probable cause to believe that he had.

11. Nevertheless, Defendant T. PASHOIAN or DOE 1, who was standing across the street from the Plaintiff near the World Savings Bank building, yelled, "get over here" to the Plaintiff or words to that effect.

12. The Plaintiff crossed the street and approached Defendant PASHOIAN or DOE 1. After the Plaintiff asked the Defendant what the problem was, Defendant PASHOIAN or DOE 1 grabbed the Plaintiff without justification and threw him against a window of the World Savings Bank, telling the Plaintiff, "You know what time it is" or words to that effect without justification.

13. Defendant PASHOIAN or DOE 1 grabbed the Plaintiff's left arm and jerked it up behind his back without justification to the point that the Plaintiff was in an extreme amount of pain.

14. The Plaintiff was thereafter placed in handcuffs by Defendant PASHOIAN or DOE 1 without reasonable or probable cause to believe that Plaintiff committed any crime.

15. Although additional BART Police Officers and/or BART employees or agents, including, but not limited to DOES 2-10, arrived in the vicinity of the incident, Plaintiff is informed and believes and thereon alleges that they failed to intervene to stop the unreasonable seizure of the Plaintiff by defendant PASHOIAN or DOE 1 that was occurring in their presence.

16. During the incident, the Plaintiff asked Defendant PASHOIAN or DOE 1 to contact employees of the bank where he had just done business to confirm that he had not committed any crime. Defendant PASHOIAN or DOE 1 refused to confirm the Plaintiff's account with anyone employed at the bank.

17. Later, the Plaintiff was informed by the officers that they were investigating a report of someone selling BART tickets outside of the BART station. However, there was no reasonable or probable cause to believe that the Plaintiff had been involved in that activity and he had not been selling BART tickets prior to being detained and subjected to excessive force by Defendant PASHOIAN or DOE 1.

18. Plaintiff is informed and believes and thereon alleges that he was subjected to the violation of his Constitutional rights by Defendant PASHOIAN or DOE 1 on account of his race (African American).

19. When the Plaintiff complained to Defendant PASHOIAN or DOE 1 about his use of excessive force, telling the officer that he nearly broke his arm, Defendant PASHOIAN or DOE 1 responded by telling the Plaintiff words to the effect that if he had wanted to break the Plaintiff's arm, he would have broken it.

20. Although Plaintiff is informed and believes and thereon alleges that after Defendant PASHOIAN was advised by other BART Police Officers and/or BART employees that the Plaintiff was not the person who had been allegedly selling BART tickets outside of the BART station, Defendant PASHOIAN or DOE 1 unreasonably prolonged the unlawful imprisonment of the Plaintiff in handcuffs while he ran the Plaintiff for warrants, apparently hoping to discover some reason to justify after the fact his unreasonable conduct vis-à-vis the Plaintiff.

21. When the warrant check confirmed that the Plaintiff had no outstanding warrants, Plaintiff was eventually released from the handcuffs and allowed to leave the scene. Plaintiff was not cited or charged with any crime as a result of this incident.

22. Despite having subjected the Plaintiff to the use of force and handcuffing him, Defendant PASHOIAN or DOE 1 did not mention these facts in his report of the incident. Nevertheless, Plaintiff is informed and believes and thereon alleges that the report of Defendant PASHOIAN or DOE 1 was approved and/or ratified by BART Police Department supervisors and/or managers (DOES 3-10 and/or each of them).

### STATEMENT OF DAMAGES

23. As a result of the acts and/or omissions alleged herein, Plaintiff incurred damages, including, but not limited to,

     a. Past, present and/or future general damages, including, but not limited to, damages for pain, suffering, emotional distress and/or other general damages in amounts to be determined according to proof;

     b. Past, present and/or future special damages, including, but not limited to, medical special damages, lost wages and/or related expenses in amounts to be determined according to proof;

     c. Plaintiff is informed and believes and thereon alleges that the conduct of Defendant PASHOIAN or DOE 1 was intentional, malicious, fraudulent, oppressive and/or done with a conscious and/or reckless disregard for the rights of the Plaintiff. Therefore, Plaintiff is informed and believes and thereon alleges that he may be entitled to an award of punitive and exemplary damages in amounts to be determined according to proof.

    24. Plaintiff will also be entitled to an award of statutory damages, attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this matter under California Civil Code Sections 51.7, 52, 52.1, 42 U.S.C. Sections 1983, 1988 and/or under other statutes and/or laws.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### 42 U.S.C. Section 1983

### Against Defendants PASHOIAN and/or DOE 1-20

    25. Plaintiff incorporates by reference and realleges herein Paragraphs 1 through 24 of this Complaint.

    26. In doing the acts complained of in this Complaint, Defendants PASHOIAN and/or DOES 1-20 and/or each of them, individually and/or while acting in concert

with one another, did act under color of state law to deprive Plaintiff of his rights guaranteed by the United States Constitution, including, but not limited to:

   a. The right to be free from unreasonable seizures;

   b. The right to due process of law; and/or

   c. The right to equal protection of the law.

Said rights are guaranteed under the Fourth and/or Fourteenth Amendments to the United States Constitution.

27. As a result of the violation of his rights under the United States Constitution by said Defendants, Plaintiff suffered the injuries and/or damages as alleged in this Complaint.

28. Plaintiff is informed and believes and thereon alleges that the conduct of defendants PASHOIAN and/or or DOES 1-20 and/or each of them, was intentional, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of the Plaintiff. As a result, Plaintiff is entitled to an award of punitive and exemplary damages against said Defendants and/or each of them, in amounts to be determined according to proof.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

### Negligence – All Defendants

29. Plaintiff incorporates by reference and re-alleges herein Paragraphs 1 through 28 of this Complaint.

30. Plaintiff is informed and believes and thereon alleges that Defendants PASHOIAN and/or DOES 1-20 and/or each of them, individually and/or acting in concert and

while acting within the course and scope of their employment for Defendant BART, owed Plaintiff a duty to use due care at or about the times of the aforementioned incident.

31. In doing the aforementioned acts and/or omissions, Plaintiff is informed and believes and thereon alleges that said Defendants and/or each of them, individually and/or while acting in concert with one another, negligently breached said duty to use due care, resulting in the injuries and damages to the Plaintiff as alleged herein.

32. Plaintiff is informed and believes and thereon alleges that at the time of the subject incident, Defendants PASHOIAN and/or DOES 1-20 and/or each of them, were employed by Defendant BART and were acting within the course and scope of their employment. Accordingly, Defendant BART is liable as *respondeat superior* for the negligence of said Defendants who were acting within the course and scope of their employment.

33. As a result of the negligence of said Defendants, and each of them, Plaintiff suffered the damages and injuries as alleged heretofore in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CLAIM FOR RELIEF

#### False Arrest/False Imprisonment – Against All Defendants

34. Plaintiff incorporates by reference and re-alleges herein Paragraphs 1 through 33 of this Complaint.

35. Plaintiff is informed and believes and thereon alleges that Defendants PASHOIAN and/or DOES 1-20, individually and/or acting in concert with one another, caused Plaintiff to be arrested and/or imprisoned without reasonable or probable cause to believe that Plaintiff committed any crimes as alleged in this Complaint.

36. The acts and/or omissions of said Defendants and/or each of them, individually and/or while acting in concert with one another, as alleged herein, were done within the course and scope of their employment for Defendant BART. Defendant BART is therefore liable for said false arrest and/or false imprisonment as *respondeat superior*.

37. As a result of the false arrest and/or false imprisonment by said defendants, and/or each of them, Plaintiff suffered the damages and injuries as alleged heretofore in this Complaint.

38. Plaintiff is informed and believes and thereon alleges that the conduct of said Defendants and/or each of them, as alleged herein, was intentional, malicious, and/or oppressive. As a result, said Plaintiff is entitled to an award of punitive and exemplary damages against said Defendants and/or each of them, in amounts to be determined according to proof.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CLAIM FOR RELIEF

#### Battery – Against All Defendants

39. Plaintiff incorporates by reference and re-alleges herein Paragraphs 1 through 38 of this Complaint.

40. In doing the acts alleged in this Complaint, Defendants PASHOIAN and/or DOES 1-20 and/or each of them, individually and/or while acting in concert with the each other, caused Plaintiff to be subjected to a battery.

41. As a result of said battery, said Plaintiff suffered the damages and injuries alleged in this Complaint.

42. Said battery was caused by said Defendants and/or each of them within the course and scope of their employment with Defendant BART.

43. Defendant BART is therefore liable for said battery as *respondeat superior*.

44. Plaintiff is informed and believes and thereon alleges that the conduct of said Defendants and/or each of them, was intentional, malicious, and/or oppressive. As a result, Plaintiff is entitled to an award of punitive and exemplary damages against said Defendants in amounts to be determined according to proof.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CLAIM FOR RELIEF
### California Civil Code Section 52.1
### Against all Defendants

45. Plaintiff incorporates by reference and re-alleges herein Paragraphs 1 through 44 of this Complaint.

46. In doing the acts and/or omissions as alleged heretofore in this Complaint, Defendants PASHOIAN and/or DOES 1-20 and/or each of them, subjected the Plaintiff to the violation of his rights under the United States and/or California Constitutions, including, but not limited to, the right to be free from unreasonable seizures; the right to due process of law; and/or the right to equal protection of the law.

47. As a result of said Defendants' violation of the Plaintiff's constitutional rights, Plaintiff incurred the damages as alleged in this Complaint and is also entitled to an award of statutory damages under California Civil Code Sections 52 and 52.1.

48. Plaintiff is informed and believe and thereon alleges that the conduct of Defendants PASHOIAN and/or DOES 1-20 and/or each of them, was intentional, malicious, fraudulent and/or oppressive. As a result, Plaintiff is informed and believes and thereon alleges

that he is entitled to an award of punitive damages in amounts to be determined according to proof.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CLAIM FOR RELIEF

### California Civil Code Section 57.1

### Against All Defendants

49. Plaintiff incorporates by reference and re-alleges herein Paragraphs 1 through 48 of this Complaint.

50. In doing the acts and/or omissions as alleged heretofore in this Complaint, Defendants PASHOIAN and/or DOES 1-20 and/or each of them, subjected the Plaintiff to violence or intimidation by threat of violence because of his race in violation of California Civil Code Section 51.7.

51. As a result of said Defendants' violation of California Civil Code Section 51.7, Plaintiff is entitled to an award of statutory damages pursuant to California Civil Code Sections 51.7 and 52 in amounts to be determined according to proof.

52. Plaintiff is informed and believes and thereon alleges that the conduct of Defendants PASHOIAN and/or DOES 1-20 and/or each of them, was intentional, malicious, fraudulent and/or oppressive. As a result, Plaintiff is informed and believes and thereon alleges that he is entitled to an award of punitive damages in amounts to be determined according to proof.

53. In doing the acts and/or omissions alleged herein, Defendants PASHOIAN and/or DOES 1-20 and/or each of them, were acting within the course and scope of their

employment for Defendant BART. As a result, Defendant BART is liable for said Defendants' violation of the Plaintiffs' rights under Civil Code Section 51.7 as *respondeat superior*.

### COMPLIANCE WITH GOVERNMENT TORT CLAIM REQUIREMENT

54. Prior to commencing this litigation, plaintiffs presented a timely Tort Claim to BART pursuant to the California Tort Claims Act. Said Claim was rejected within six months of the filing of this Complaint.

### JURY TRIAL DEMAND

55. Plaintiff hereby demands a jury trial.

### PRAYER

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as follows:

56. General damages in amounts to be determined according to proof;

57. Special damages in amounts to be determined according to proof;

58. Attorneys' fees pursuant to statutes;

59. Costs of suit;

60. Punitive and exemplary damages in amounts to be determined according to proof as to the individual defendants;

61. For statutory damages pursuant to California Civil Code Sections 51.7, 52 and/or 52.1;

62. For pre and post judgment interest as permitted by law;

63. For such other and further relief as the Court may deem just and proper.

### CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

64. Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: December 14, 2007

JAMES B. CHANIN
Attorney for Plaintiff