JAMES B. CHANIN (SBN# 76043)
JULIE M. HOUK    (SBN# 114968)
LAW OFFICES OF JAMES B. CHANIN
3050 Shattuck Avenue
Berkeley, California  94705
Telephone:  (510) 848-4752, Ext. 2
Facsimile:  (510) 848-5819
Email:        jbcofc@aol.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND COURTHOUSE

|  |  |
|---|---|
| TONY HEAROD,<br><br>              Plaintiff,<br><br>vs.<br><br>BAY AREA RAPID TRANSIT DISTRICT;<br>T. PASHOIAN, individually and in his<br>capacity as a police officer for the BART<br>Police Department; DOES 1-20, inclusive,<br><br>              Defendants. | CASE NO.:C07-6390 CW<br><br>**JOINT CASE MANAGEMENT**<br>**CONFERENCE STATEMENT**<br><br><br>**Date:  March 25, 2008**<br>**Time: 2:00 p.m.**<br>**Courtroom:  No. 2, Oakland, CA.**<br>**The Honorable Claudia Wilken** |

**1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.**

This action arises under 42 U.S.C. Section 1983.  The Court has subject matter

jurisdiction of the action pursuant to 28 U.S.C. Sections 1331 and 1343.  No issues exist

regarding personal jurisdiction or venue.  Both named defendants have been served and have

filed a responsive pleading.  Plaintiff reserves the right to join additional defendants pending completion of discovery.

**2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.**

On or about the morning of March 26, 2007, the Plaintiff, TONY HEAROD, an African American man, contends he was on a public sidewalk in the vicinity of 20th and Broadway in Oakland, California after having completed some personal banking business in the area.   BART Police Officer, T. PASHOIAN, who was standing across the street from the Plaintiff near the World Savings Bank building, yelled, "get over here" to the plaintiff or words to that effect.

The plaintiff crossed the street and approached Officer PASHOIAN.  After the plaintiff asked Officer PASHOIAN what the problem was, plaintiff contends that Officer PASHOIAN grabbed the plaintiff and threw him against a window of the World Savings Bank, telling the Plaintiff, "You know what time it is" or words to that effect.  Plaintiff contends that Officer PASHOIAN grabbed the Plaintiff's left arm and jerked it up behind his back without justification and placed him in handcuffs. Although plaintiff saw other BART employees and/or officers in the area, none of the intervened to stop Officer PASHOIAN's conduct vis-à-vis the plaintiff.

Although the plaintiff asked Officer PASHOIAN to contact employees of the bank where he had just done business to confirm that he had not committed any crime, the officer refused to do so.  Later, plaintiff was informed by the officers that they were investigating a report of someone selling BART tickets outside of the BART station.  However, there was no reasonable or probable cause to believe that the plaintiff had been involved in that activity and he had not been selling BART tickets prior to being detained and subjected to excessive force by Officer PASHOIAN.

Hearod v. Bay Area Rapid Transit District, et al., Case No. C07-6390 CW
Joint Case Management Conference Statement                    2

When the plaintiff complained to Officer PASHOIAN about his use of excessive force, telling the officer that he nearly broke his arm, Officer PASHOIAN responded by telling the plaintiff words to the effect that if he had wanted to break the Plaintiff's arm, he would have broken it. Even after Officer PASHOIAN knew, or reasonably should have known, that plaintiff was not the person who had been allegedly selling BART tickets outside the station, Officer PASHOIAN unreasonably prolonged the unlawful imprisonment of the plaintiff in handcuffs while he ran the Plaintiff for warrants, apparently hoping to discover some reason to justify after the fact his unreasonable conduct vis-à-vis the plaintiff.

When the warrant check confirmed that the plaintiff had no outstanding warrants, plaintiff was eventually released from the handcuffs and allowed to leave the scene. Plaintiff was not cited or charged with any crime as a result of this incident.

Defendants contend that Off. Pashoian detained plaintiff when he matched the description of a suspected fare evader. Defendants further contend that Off. Pashoian advised plaintiff of the reason for the detention, it was of short duration and use of force was absolutely minimal if it could be called force at all.

**3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.**

a. Whether Officer Pashoian violated the plaintiff's federal Constitutional rights under 42 U.S.C. Section 1983;

b. Whether Officer Pashoian negligently caused the plaintiff's injuries and, if so, whether BART is liable for the plaintiff's damages that were caused within the course and scope of Officer Pashoian's employment;

c. Whether Officer Pashoian caused the plaintiff to be subjected to a false arrest and/or false imprisonment under California law and, if so, whether BART is liable for the plaintiff's damages that were caused within the course and scope of Officer Pashoian's employment;

d.  Whether Officer Pashoian caused the plaintiff to be subjected to battery under California law and, if so, whether BART is liable for the plaintiff's damages that were caused within the course and scope of Officer Pashoian's employment;

e.  Whether Officer Pashoian and BART are liable under California Civil Code Section 52.1 for the violation of the plaintiff's rights under the United States and/or California Constitutions;

f.  Whether Officer Pashoian and BART are liable under California Civil Code Section 51.7 for the violation of the plaintiff's rights under the United States and/or California Constitutions;

g.  Whether and to what extent defendants are liable for the plaintiff's general and special damages and whether defendant PASHOIAN is liable for punitive damages;

h.  Whether plaintiff is entitled to statutory damages under California Civil Code Sections 51.7, 52 and/or 52.1.

**4. Motions: All prior and pending motions, their current status, and any anticipated motions.**

No motions have been filed at this time.  The parties retain the right to file discovery and/or dispositive motions as needed.

**5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.**

Plaintiff reserves the right to amend his Complaint to conform to proof and/or to join additional defendants as discovery continues.  Defendants reserve the right to amend and assert additional defenses to conform proof as discovery warrants.

**6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.**

The parties have preserved the evidence known to be available and will take reasonably prudent steps to ensure that discoverable evidence is not destroyed during the pendency of this litigation.

**7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.**

Hearod v. Bay Area Rapid Transit District, et al., Case No. C07-6390 CW
Joint Case Management Conference Statement                    4

Plaintiff anticipates making timely disclosures on March 18, 2008. Plaintiff does not oppose the request of the defense for an extension of time to April 14, 2008 for the defendants' initial disclosure. Plaintiff anticipates that he will disclose the identities of known witnesses and discoverable documents, including the police report, dispatch recording and available medical records. Defendants anticipate that they will disclose Off . Pashoian personnel file that is discoverable, as well as pertinent policies and procedures of BART.

**8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).**

Discovery has not yet commenced. The parties anticipate that they will propound written discovery requests within the limits allowed under F.R.C.P. 26, 33 and 34; and that the parties will complete a reasonable number of depositions of the parties, percipient witnesses, persons with knowledge of Officer Pashoian's law enforcement background, training and prior disciplinary record (if any) and/or other depositions as needed.

**9. Class Actions: If a class action, a proposal for how and when the class will be certified.**

Not applicable.

**10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.**

Not applicable.

**11. Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.**

Plaintiff is seeking general damages for his pain, suffering and emotional distress in amounts to be determined according to proof. Plaintiff also obtained medical treatment for injuries he sustained during the incident and incurred damages for wage loss. The exact amount of plaintiff's special damages is subject to verification from his medical providers and employer. Plaintiff is also seeking statutory damages under California Civil Code Sections 51.7, 52.1 and 52; and punitive damages against Officer Pashoian in an amount to be determined according to proof. Plaintiff will also be entitled to an award of attorneys' fees and costs under 42 U.S.C. Section 1983, Civil Code Section 52 in the event that he is the prevailing party at trial on his statutory claims.

**12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.**

No formal settlement discussions have occurred at this time. The parties have stipulated that this case be referred to Mediation as the ADR process after the parties have been able to complete a reasonable amount of discovery.

**13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.**

Not applicable.

**14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.**

Not applicable.

**15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.**

Unknown at this time pending completion of preliminary discovery.

**16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.**

Not at this time.

**17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.**

Trial: February 17, 2009.

Pretrial Conference: One week prior to trial.

Expert Discovery Cut-Off: 15 days before trial;

Designation of Experts: 50 days before trial;

Fact Discovery Cut-Off: 75 days before trial;

Dispositive Motion Cut-Off: 75 days before trial.

**18. Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.**

The parties have demanded a jury trial. The parties estimate 5-7 court days for the trial, inclusive of jury selection.

**19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.**

No additional parties have any interest other than the named parties and counsel identified in the pleadings.

**20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

None at this time.

Dated: March 18, 2008                    _____/S/_____
                                         JAMES B. CHANIN
                                         Attorney for Plaintiff

Dated: March 18, 2008                    _____/S/_____
                                         DALE ALLEN
                                         Attorney for Defendants